UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DAKOTA LEE TURN,

    Plaintiff,

v.

UNKNOWN LESLIE, et al.,

    Defendants.

Case No. 21-12767
Honorable Laurie J. Michelson
Magistrate Judge Elizabeth A. Stafford

**OPINION AND ORDER OVERRULING DEFENDANT REAM'S OBJECTION [37], ADOPTING REPORT AND RECOMMENDATION [36], AND GRANTING IN PART DEFENDANTS' MOTIONS TO DISMISS OR FOR SUMMARY JUDGMENT [16, 31]**

Dakota Lee Turn claims that a number of employees at the Gus Harrison Correctional Facility (ARF), where he was incarcerated, retaliated against him and strip-searched him in violation of his constitutional rights. Specifically, Turn says that, after he submitted documents in support of overturning his conviction, ARF officers restrained and strip-searched him. They also took photos of him during this strip search to document his tattoos and asked him questions about what he had submitted to the court. Following the search, Turn filed a grievance.

Turn says that in retaliation for his grievance about this incident, and his grievance about the denial of his grievances about this incident, he was placed on modified access, which requires him to ask for permission to file a grievance. He also says he suffered other forms of retaliation for filing grievances, such as tampered legal mail and restricted access to JPay messages. And he alleges that he received

false misconducts in retaliation for his grievances, which further restricted his privileges.

All pretrial matters were referred to Magistrate Judge Elizabeth A. Stafford. In response to the complaint, Defendants filed a motion for summary judgment on exhaustion and a motion to dismiss for failure to state a claim. (ECF No. 16 (Ream and Campbell's motion to dismiss and/or motion for summary judgment); ECF No. 31 (Leslie, Johnson, Messer, Edmond, and Tanner's motion adopting by reference Ream and Campbell's arguments under Federal Rule of Civil Procedure 10(c)).)

Magistrate Judge Stafford recommends that these motions be granted in part and denied in part. (ECF No. 36.) Specifically, she recommends that only the following claims survive: (1) a retaliation claim against Ream (the grievance coordinator) for issuing Turn a misconduct on April 18, 2021, and (2) claims against Leslie (an inspector) for strip-searching Turn on two occasions. This recommendation, Ream's corresponding objection (ECF No. 37), and Turn's response to Ream's objection (ECF No. 38), are now before the Court.

Because Ream did not meet her summary-judgment burden on her non-exhaustion defense, the Court overrules her objection and adopts the recommended disposition.

I.

When a party objects to a magistrate judge's report and recommendation, a district judge reviews the issues raised by the objections de novo; there is no obligation to review un-objected to issues. *See* Fed. R. Civ. P. 72(b); *Thomas v. Arn*,

474 U.S. 140, 150 (1985); *Garrison v. Equifax Info. Servs., LLC*, No. 10-13990, 2012 WL 1278044, at *8 (E.D. Mich. Apr. 16, 2012). "The district court need not provide de novo review where the objections are frivolous, conclusory or general. The parties have the duty to pinpoint those portions of the magistrate [judge's] report that the district court must specially consider." *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986) (cleaned up). Objections should be "specific in order to focus the busy district court's attention on only those issues that were dispositive and contentious." *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505, 509 (6th Cir. 1991).

## II.

A singular issue is before this Court—whether Ream should be granted summary judgment on Turn's retaliation claim stemming from his April 18, 2021 misconduct because he failed to exhaust that claim. Magistrate Judge Stafford recommended summary judgment be denied because "Ream offers no evidence to support her claim that Turn did not appeal, and she carries the burden of proving her exhaustion defense." (ECF No. 36, PageID.302.)

In her motion for summary judgment, Ream argued that the retaliation claim arising from the April 18, 2021 misconduct were not fully exhausted because Turn failed to appeal. (ECF No. 37, PageID.306.) And to exhaust that claim, Turn was required to raise retaliation during the appeal of the misconduct. *See Smith v. Pallas*, No. 18-1933, 2019 WL 7946345, at *3 (6th Cir. Nov. 7, 2019) ("Because Smith's claims against Goulet and Vanderwagen related to the issuance of a major-misconduct

3

ticket, 'Michigan's rules provide that the only avenue for challenging such reports is a hearing.'" (quoting *Siggers v. Campbell*, 652 F.3d 681, 694 (6th Cir. 2011))).

Ream admits, however, that she did not provide any evidence in support of this argument. (ECF No. 37, PageID.306, n.1 ("Ream recognizes now that the better course would have been to provide the Court with an affidavit in support of this argument.").) But, argues Ream, because Turn failed to address her argument in his response brief, he has forfeited any argument that he did exhaust his claim. (*Id.* at PageID.306.) And because non-exhaustion is "an uncontested issue," Turn's claim should fail. (*Id.* at PageID.306, n.1.)

In response, Turn states that Ream's failure to provide evidence of non-exhaustion of this claim means that she should not get summary judgment on that issue, even if he failed to respond. (ECF No. 38, PageID.309.)

Turn has the better argument. The Sixth Circuit addressed an almost identical situation in *Byrne v. CSX Transportation, Inc.*, 541 F. App'x 672 (6th Cir. 2013). There, in considering whether to grant the defendant summary judgment based on an affirmative defense, the Sixth Circuit noted that "Defendants admit[ed] that they 'inadvertently failed to file the affidavit on the docket' and provide[d] nothing by way of explanation." *Byrne*, 541 F. App'x at 675–76. But the defendants urged the Sixth Circuit to find that the plaintiffs waived their argument in response. However, the Sixth Circuit concluded that "simply put, because the Affidavit was missing, there were no facts to support [the affirmative defense] and the Defendants were not entitled to judgment as a matter of law." *Id.*

4

The same conclusion is warranted here. Exhaustion is an affirmative defense "that the defendants have the burden to plead and prove by a preponderance of the evidence." *Lamb v. Kendrick*, 52 F.4th 286, 292 (6th Cir. 2022). This means that "[t]he burden of proof will not shift to the plaintiff . . . absent the defendant first discharging the initial burden." *Byrne*, 541 F. App'x at 675 (citing *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 160 (1970)). And "[o]nly after, and not before, the initial burden of proof is discharged does the burden shift to the plaintiff to show that summary judgment on an affirmative defense should be denied." *Id.* (citing *Campbell v. Grand Trunk W. R.R. Co.*, 238 F.3d 772, 775 (6th Cir. 2001)). So Ream had the burden of showing non-exhaustion before Turn was required to argue that the defense should be denied.

But Ream failed to provide any evidence of non-exhaustion for the April 18, 2021 misconduct, though she was required to do so. *See Does 8–10 v. Snyder*, 945 F.3d 951, 961 (6th Cir. 2019) ("Because the Defendants bear the burden of proof on exhaustion, they bear an initial summary judgment burden that is higher in that they must show that the record contains evidence satisfying their burden of persuasion[.]"). And as Turn points out, arguments in briefs are not evidence. So the Court cannot say that every reasonable jury would find non-exhaustion when there is no evidence to support that defense. Thus, consistent with the reasoning in *Byrne*, Ream is not entitled to summary judgment on Turn's claim relating to his April 18, 2021 misconduct even if Turn did not respond to that argument.

The Court notes, however, that Ream has been granted leave to file a second motion for summary judgment on this exact issue. (*See* ECF Nos. 40, 41.) So it may

be that, down the road, Ream can prove non-exhaustion of this particular claim. On this record, however, the Court will overrule Ream's objection and allow Turn's retaliation claim based on the April 18, 2021 misconduct to survive.

### III.

In sum, the Court adopts the Report and Recommendation (ECF No. 36) and grants in part Defendants' motions to dismiss and/or for summary judgment (ECF Nos. 16, 31).

SO ORDERED.

Dated: February 3, 2023

                                            s/Laurie J. Michelson
                                            LAURIE J. MICHELSON
                                            UNITED STATES DISTRICT JUDGE