UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DAKOTA LEE TURN,

    Plaintiff,

v.

UNKNOWN LESLIE, et al.,

    Defendants.

Case No. 21-12767
Honorable Laurie J. Michelson
Magistrate Judge Elizabeth A. Stafford

**OPINION AND ORDER
ADOPTING REPORT AND RECOMMENDATION [43] AND
GRANTING REAM'S SECOND MOTION FOR SUMMARY
JUDGMENT [41]**

Dakota Lee Turn claims that a number of employees at the Gus Harrison Correctional Facility (ARF), where he was incarcerated, retaliated against him and strip-searched him in violation of his constitutional rights. Specifically, Turn says that, after he submitted documents in support of overturning his conviction, ARF officers restrained and strip-searched him. They also took photos of him during this strip search to document his tattoos and asked him questions about what he had submitted to the court. Following the search, Turn filed a grievance.

Turn says that in retaliation for his grievances about this incident, and his grievance about the denial of his grievances about this incident, he was placed on modified access, which requires him to ask for permission to file a

grievance. He also says he suffered other forms of retaliation for filing grievances, such as tampered legal mail and restricted access to JPay messages. And he alleges that he received false misconducts in retaliation for his grievances, which further restricted his privileges.

All pretrial matters were referred to Magistrate Judge Elizabeth A. Stafford. Magistrate Judge Stafford previously recommended granting in part Defendants' motion for summary judgment on exhaustion and motion to dismiss for failure to state a claim. (ECF No. 36.) The Court adopted this recommendation over Defendant Ream's objection. *Turn v. Leslie*, No. 21-12767, 2023 WL 1529437, at *1 (E.D. Mich. Feb. 3, 2023) (available at ECF No. 42). Specifically, the Court found that Ream had not met her summary-judgment burden of showing that Turn did not exhaust his retaliation claim stemming from the April 18, 2021 misconduct. *Id.* at *3.

To correct this, Ream asked for leave to file a second motion for summary judgment (ECF No. 39), which Magistrate Judge Stafford granted (ECF No. 40). After considering this motion, Magistrate Judge Stafford recommended it be granted. (ECF No. 43.) This recommendation is before the Court.

At the conclusion of the February 28, 2023 Report and Recommendation, Magistrate Judge Stafford notified the parties that they were required to file any objections within fourteen days of service, as provided in Federal Rule of Civil Procedure 72(b)(2) and Eastern District of Michigan Local Rule 72.1(d),

2

and that "[i]f a party fails to timely file specific objections, any further appeal is waived." (ECF No. 43, PageID.364.) Under Federal Rule of Civil Procedure 6(d), since Turn was served via mail, three days are added to the objection period. And the prison mailbox rule also applies, so Turn's objections would be considered filed when he delivered them to prison authorities for mailing. Waiting the 17-day objection period and allowing some time for the Court to receive objections that Turn may have mailed, it has now been more than 30 days since the Report was served on the parties. No objections have been filed.

The Court finds that the parties' failure to object is a procedural default, waiving review of the Magistrate Judge's findings by this Court. In *United States v. Walters*, 638 F.2d 947, 949–50 (6th Cir. 1981), the Sixth Circuit established a rule of procedural default, holding that "a party shall file objections with the district court or else waive right to appeal." And in *Thomas v. Arn*, 474 U.S. 140, 144 (1985), the Supreme Court explained that the Sixth Circuit's waiver-of-appellate-review rule rested on the assumption "that the failure to object may constitute a procedural default waiving review even at the district court level." 474 U.S. at 149; *see also Garrison v. Equifax Info. Servs., LLC*, No. 10-13990, 2012 WL 1278044, at *8 (E.D. Mich. Apr. 16, 2012) ("The Court is not obligated to review the portions of the report to which no objection was made." (citing *Thomas*, 474 U.S. at 149–52)). The Supreme Court

3

further held that this rule violates neither the Federal Magistrates Act nor the Federal Constitution.

The Court therefore finds that the parties have waived further review of the Magistrate Judge's Report and accepts the recommended disposition. (ECF No. 43.) It follows that Ream's second motion for summary judgment (ECF No. 41) is granted.

SO ORDERED.

Dated: March 31, 2023

s/Laurie J. Michelson
LAURIE J. MICHELSON
UNITED STATES DISTRICT JUDGE
