UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| DAKOTA LEE TURN,<br><br>                  Plaintiff,<br><br>v.<br><br>NIKOLAS LESLIE,<br><br>                  Defendant. | Case No. 21-cv-12767<br>Honorable Laurie J. Michelson<br>Magistrate Judge Elizabeth A. Stafford |

**REPORT AND RECOMMENDATION TO DENY PLAINTIFF'S MOTION FOR SANCTIONS (ECF NO. 65)**

### I.  Introduction

Plaintiff Dakota Lee Turn, a pro se prisoner, filed this civil rights action under 42 U.S.C. § 1983 against Defendant Nikolas Leslie, an inspector for the Michigan Department of Corrections.  ECF No. 1.  The Honorable Laurie J. Michelson referred the case to the undersigned for all pretrial matters under 28 U.S.C. § 636(b)(1).  ECF No. 11.  Turn moves under Federal Rule of Civil Procedure 11(c) to impose sanctions against

Leslie. ECF No. 65. For the reasons below, the Court **RECOMMENDS** that the motion be **DENIED**.[1]

## II.    Analysis

### A.

Under Rule 11(b), an attorney who submits a filing certifies that, to the best of his knowledge after reasonable inquiry, the filing is not presented for any improper purpose (e.g., to harass or cause unnecessary delay); contains nonfrivolous claims, defenses, or legal arguments; and is based on facts supported by evidence, or that will likely be supported by evidence after discovery.  A party moving for sanctions must comply with the two-step "safe harbor" provision described in Rule 11(c)(2)—he must "first, serve the Rule 11 motion on the opposing party for a designated period (at least twenty-one days); and then file the motion with the court." *Ridder v. City of Springfield*, 109 F.3d 288, 294 (6th Cir. 1997).  Sanctions are unavailable if the moving party fails to adhere to this procedure. *United States v. Marion L. Kinkaid Tr.*, 463 F. Supp. 2d 680, 697 (E.D. Mich. 2006)

---

[1] The Sixth Circuit held that no authority "vests magistrate judges with jurisdiction to enter orders imposing Rule 11 sanctions on parties." *Bennett v. Gen. Caster Serv. of N. Gordon Co., Inc.*, 976 F.2d 995, 998 (6th Cir. 1992).

(citing *First Bank of Marietta v. Hartford Underwriters Ins. Co.*, 307 F.3d 501, 510-11 (6th Cir. 2002)).

"The central purpose of Rule 11 is to deter baseless filings in district court." *Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384, 393 (1990) (cleaned up). Thus, "the test for the imposition of Rule 11 sanctions is whether the individual attorney's conduct was reasonable under the circumstances." *McGhee v. Sanilac Cnty.*, 934 F.2d 89, 93 (6th Cir. 1991). In making that inquiry, courts do not "use the benefit of hindsight but should test the signer's conduct by inquiring what was reasonable to believe at the time the pleading, motion, or other paper was submitted." *Id.* (cleaned up). And while "a good faith belief in the merits of a case is insufficient to avoid sanctions," Rule 11 was not intended to chill vigorous advocacy. *Kincaid Trust*, 463 F. Supp. 2d at 697 (citing *Cooter*, 496 U.S. at 393).

**B.**

Turn's motion must be denied because there is no sign that he complied with the safe harbor provision by serving the motion on defense counsel 21 days before filing it with the Court. But even if the Court considered the merits of the motion, Rule 11 sanctions are not warranted.

Turn first contends that Leslie violated Rule 11(b) by incorrectly arguing that Turn untimely moved to extend discovery on August 4, 2023,

3

two days after discovery closed. ECF No. 65, PageID.533; *see also* ECF No. 56, PageID.402-403. True, the Court found that Turn's motion was timely filed on July 31, 2023, under the prison mailbox rule. ECF No. 58, PageID.420-421. But the Court's docket states that Turn filed his motion on August 4, 2023. ECF No. 54. The Court also gave Turn the benefit of the doubt by applying the prison mailbox rule even though his motion was unsigned. *See id.*, PageID.398; *United States v. Houi*, No. 1:19 CR 448, 2021 WL 5305943, at *3 n.1 (N.D. Ohio Nov. 15, 2021) ("Although *pro se* petitioners are generally protected by the prison mailbox rule, it is not clear that this rule applies to unsigned motions without additional evidence to suggest the motion was timely filed."). And although the Court found that the motion was timely, it agreed with Leslie's argument that Turn failed to show good cause or diligence, as required to extend discovery under Rule 16(b)(4). ECF No. 58, PageID.421-422. Leslie's argument that the motion was untimely was not unreasonable under these circumstances.

    Next, Turn seeks sanctions because Leslie's response to the motion to extend discovery did not adhere to Local Rule 7.1. ECF No. 65, PageID.533. He maintains that the response was not clearly identified and did not contain a concise statement of issues or an index of controlling authorities. *Id.* But Leslie's response was clearly identified as such. ECF

4

No. 56, PageID.401.  And although it did not contain a statement of issues or an index of authorities, that technicality does not justify imposing Rule 11 sanctions; omitting those sections did not render the response baseless. *See Gifford v. Meda*, No. 09-cv-13486, 2010 WL 1875096, at *23 n.17 (E.D. Mich. May 10, 2010) (declining to impose Rule 11 sanctions for a technical violation of Local Rule 7.1).

The issues that Turn raised in his motion for sanctions were not only technical, but also petty and nowhere serious enough to raise the specter of Rule 11 sanctions.  Turn's motion was unworthy of this Court's time.  Turn is cautioned to refrain from filing such frivolous motions, as he could face sanctions up to and including an involuntary dismissal of his complaint under Rule 11 and the Court's inherent authority.

### III.  Conclusion

The Court **RECOMMENDS** that Turn's motion for sanctions be **DENIED** (ECF No. 65).

s/Elizabeth A. Stafford  
ELIZABETH A. STAFFORD  
United States Magistrate Judge

Dated: October 2, 2023

## **NOTICE TO THE PARTIES ABOUT OBJECTIONS**

Within 14 days of being served with this report and recommendation, any party may serve and file specific written objections to this Court's findings and recommendations. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2). If a party fails to timely file specific objections, any further appeal is waived. *Howard v. Secretary of HHS*, 932 F.2d 505 (6th Cir. 1991). And only the specific objections to this report and recommendation are preserved for appeal; all other objections are waived. *Willis v. Secretary of HHS*, 931 F.2d 390, 401 (6th Cir. 1991).

Each **objection must be labeled** as "Objection #1," "Objection #2," etc., and **must specify** precisely the provision of this report and recommendation to which it pertains. Within 14 days after service of objections, **any non-objecting party must file a response** to the objections, specifically addressing each issue raised in the objections in the same order and labeled as "Response to Objection #1," "Response to Objection #2," etc. The response must be **concise and proportionate in length and complexity to the objections**, but there is otherwise no page limitation. If the Court determines that any objections lack merit, it may rule without awaiting the response.

## **CERTIFICATE OF SERVICE**

      The undersigned certifies that this document was served on counsel of record and any unrepresented parties via the Court's ECF System to their email or First-Class U.S. mail addresses disclosed on the Notice of Electronic Filing on October 2, 2023.

                                                  s/Marlena Williams
                                                MARLENA WILLIAMS
                                                Case Manager