UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DAKOTA LEE TURN,

    Plaintiff,

v.

NIKOLAS LESLIE,

    Defendant.

Case No. 21-12767
Honorable Laurie J. Michelson
Magistrate Judge Elizabeth Stafford

**ORDER ACCEPTING REPORT AND RECOMMENDATION [69] AND DENYING PLAINTIFF'S MOTION FOR SANCTIONS [65]**

Dakota Lee Turn filed this pro se case under 42 U.S.C. § 1983 against Nikolas Leslie, an inspector for the Michigan Department of Corrections. (ECF No. 1.) Turn moves under Federal Rule of Civil Procedure 11(c) to impose sanctions against Leslie. (ECF No. 65.) Before the Court is Magistrate Judge Stafford's Report and Recommendation that Turn's motion be denied. (ECF No. 69, PageID.576.)

At the conclusion of the October 2, 2023 Report and Recommendation, Magistrate Judge Stafford notified the parties that they were required to file any objections within fourteen days of service, as provided in Federal Rule of Civil Procedure 72(b)(2) and Eastern District of Michigan Local Rule 72.1(d), and that "only the specific objections to this report and recommendation are preserved for

appeal; all other objections are waived" (ECF No. 69, PageID.577.) Under Federal Rule of Civil Procedure 6(d), since Turn was served via mail, three days are added to the objection period. And the prison mailbox rule also applies, so Turn's objections would be considered filed when he delivered them to prison authorities for mailing. In all, waiting the 17-day objection period and allowing some time for the Court to receive objections that Anthony may have mailed, it has now been more than 80 days since the Report was served on the parties. No objections have been filed.

The Court finds that the parties' failure to object is a procedural default, waiving review of the Magistrate Judge's findings by this Court. In *United States v. Walters*, 638 F.2d 947, 949–50 (6th Cir. 1981), the Sixth Circuit established a rule of procedural default, holding that "a party shall file objections with the district court or else waive right to appeal." And in *Thomas v. Arn*, 474 U.S. 140, 144 (1985), the Supreme Court explained that the Sixth Circuit's waiver-of-appellate-review rule rested on the assumption "that the failure to object may constitute a procedural default waiving review even at the district court level." 474 U.S. at 149; *see also Garrison v. Equifax Info. Servs., LLC*, No. 10-13990, 2012 WL 1278044, at *8 (E.D. Mich. Apr. 16, 2012) ("The Court is not obligated to review the portions of the report to which no objection was made." (citing *Thomas*, 474 U.S. at 149–52)). The Supreme Court further held that this rule violates neither the Federal Magistrates Act nor the Federal Constitution.

2

The Court therefore finds that the parties have waived further review of the Magistrate Judge's Report and accepts the recommended disposition. (ECF No. 69.) It follows that Plaintiff's Motion for Sanctions (ECF No. 65) is DENIED.

SO ORDERED.

Dated: December 28, 2023

s/Laurie J. Michelson
LAURIE J. MICHELSON
UNITED STATES DISTRICT JUDGE

3