UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DAKOTA LEE TURN,

    Plaintiff,

v.

NIKOLAS LESLIE et al.,

    Defendants.

Case No. 21-12767
Honorable Laurie J. Michelson
Mag. Judge Elizabeth A. Stafford

**ORDER ACCEPTING REPORT AND RECOMMENDATION [75] AND GRANTING LESLIE'S MOTION FOR SUMMARY JUDGMENT [59]**

    Dakota Turn is incarcerated at the Gus Harrison Correctional Facility. He brought this *pro se* civil rights action under 42 U.S.C. § 1983, alleging that Nikolas Leslie and various other corrections officers violated his rights under the First, Fourth, and Eighth Amendments by strip searching him and retaliating against him for filing grievances. (ECF No. 1, PageID.10–12.) Following discovery, Leslie moved for summary judgment, arguing that Turn did not allege Leslie's personal involvement in the incidents and that Leslie is entitled to qualified immunity. (ECF No. 59.)

    All pretrial matters in this case were referred to Magistrate Judge Elizabeth Stafford. (ECF No. 11.) On February 5, 2024, she issued a Report and Recommendation to grant Leslie's motion for summary judgment. (ECF No. 75.) At the conclusion of her Report and Recommendation, Magistrate Judge Stafford notified the parties that they were required to file any objections within fourteen days

of service, pursuant to Federal Rule of Civil Procedure 72(b)(2) and Eastern District of Michigan Local Rule 72.1(d), and that "only the specific objections to this report and recommendation are preserved for appeal; all other objections are waived." (ECF No. 75, PageID.612.) Since Turn was served via mail, three days are added to the objection period under Federal Rule of Civil Procedure 6(d). And the prison mailbox rule also applies, so Turn's objections would be considered filed when he delivered them to prison authorities for mailing. In all, waiting the 17-day objection period and allowing some time for the Court to receive objections that Turn may have mailed, it has now been 29 days since the Report was served on the parties. No objections have been filed.

The Court finds that the parties' failure to object is a procedural default, waiving review of the magistrate judge's findings by this Court. It is well established in the Sixth Circuit that "a party shall file objections with the district court or else waive right to appeal." *United States v. Walters*, 638 F.2d 947, 949–50 (6th Cir. 1981). As the Supreme Court explained in *Thomas v. Arn*, the Sixth Circuit's waiver-of-appellate-review rule rests on the assumption that the parties' failure to object to a magistrate judge's Report and Recommendation is a procedural default "waiving review even at the district court level." 474 U.S. 140, 149 (1985); *see also Garrison v. Equifax Info. Servs., LLC*, No. 10-13990, 2012 WL 1278044, at *8 (E.D. Mich. Apr. 16, 2012) ("The Court is not obligated to review the portions of the report to which no objection was made." (citing *Thomas*, 474 U.S. at 149–52)). The Supreme Court

2

further held that this rule does not violate either the Federal Magistrates Act or the Federal Constitution. *Thomas*, 474 U.S. at 155.

The Court therefore finds that the parties have waived further review of the Magistrate Judge's Report and Recommendation (ECF No. 75) and accepts the recommended disposition. It follows that Leslie's motion for summary judgment (ECF No. 59) is GRANTED. A separate judgment will follow.

SO ORDERED.

Dated: March 5, 2024

s/Laurie J. Michelson  
LAURIE J. MICHELSON  
UNITED STATES DISTRICT JUDGE